Conrad V. Sison (SBN: 217197)
csison@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PITTS, an individual, | CASE NO. 2:14-cv-03144-JFW-AJW |
| Plaintiff, | Hon. John F. Walter |
| v. | **DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| BANK OF AMERICA N.A., a national association; SELECT PORTFOLIO SERVICING, INC., a Utah corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | Date: June 30, 2014<br>Time: 1:30 p.m.<br>Courtroom: 16 |

1
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Teresa Pitts v. Bank of America N.A. et al., Case No. 2:14-cv-03144-JFW-AJW*

## REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant") files this Reply in Support of its Motion to Dismiss and respectfully shows the Court the following:

## INTRODUCTION

In her opposition to SPS' Motion to Dismiss, Plaintiff Teresa Pitts ("Plaintiff") focuses exclusively on her claim that SPS should be bound by the obligations created under Bank of America N.A.'s ("BANA") Settlement Agreement with her simply because SPS is the successor servicer. She claims SPS is reaping the benefits of the Settlement Agreement, and therefore, under Section 1589 of the California Civil Code, SPS should also shoulder the burden of the Settlement Agreement. As set forth herein, though, Plaintiff's argument fails to raise a right to relief against SPS above the speculative level. Section 1589 does not apply here because the Settlement Agreement is subject to the statute of frauds. As such, SPS could not have impliedly assumed BANA's obligations thereunder as a matter of law. Even if SPS could have somehow impliedly assumed the obligations set forth in the Settlement Agreement, Plaintiff has failed to allege facts plausibly suggesting this was intended. Further, Plaintiff has failed to plausibly demonstrate any express assumption of the obligations. For these reasons alone, dismissal is appropriate.

In addition, Plaintiff has ignored SPS's arguments that she failed to identify any breach of the Settlement Agreement by SPS; indeed, Plaintiff has not pleaded that she asked SPS to review her for a modification and it refused. Plaintiff has also ignored SPS's arguments with regard to her failure to plead any plausible damages. Plaintiff is still enjoying continuous possession of the Property, despite having been in default since at least 2011 and despite having a current balance due of approximately $285,000. Plaintiff has waived these matters and, as set forth herein and in SPS's Motion to Dismiss, all of her claims against SPS should be dismissed with prejudice.

///

1

# ARGUMENT

## PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD SUCCESSOR LIABILITY TO SUPPORT HER CLAIMS

In her Opposition to the Motion to Dismiss, Plaintiff argues Section 1589 of the California Civil Code applies to impose successor liability with respect to the Settlement Agreement against SPS. This statute provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Cal. Civ. Code § 1589. Plaintiff contends, in a purely conclusory manner, that SPS had knowledge of the Settlement Agreement before the service-transfer.

As an initial matter, nowhere in the Complaint does Plaintiff make such allegations. She has not alleged facts plausibly demonstrating SPS had knowledge of the obligations in the Settlement Agreement before becoming servicer of Plaintiff's loan. Regardless, Section 1589 does not apply in this case. "Section 1589 has no relevance to contracts governed by the statute of frauds." *Greenwood & Co. Real Estate v. C-D Inv. Co.,* 18 Cal.Rptr.2d 144, 173 (Cal. App. 1993), rev. granted, opinion superseded on other grounds by 19 Cal.Rptr.2d 520 (Cal. May 20, 1993) (citing Cal. Civ. Code § 1624(d) and *Boyd v. Big Three Ranch Co.*, 22 Cal.App. 108, 133 (1913)). It is well-settled that loan contracts, like Plaintiff's, including any modifications of the rights provided thereunder, are subject to the statute of frauds. *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002–2*, 167 Cal.App.4th 544, 553 (2008); *Newsom v. Bank of America, N.A.*, No. No. EDCV 12–01935 VAP, 2014 WL 2180278, at *7 (C.D. Cal. May 22, 2014); (*see* Complaint indicating the current balance due on the loan is approximately $285,000; *see also* Exhibit A to Complaint indicating the original principal balance of Plaintiff's loan was $516,800). Because the Settlement Agreement constitutes an agreement by BANA not to foreclose for a time, the Settlement Agreement alters the rights set forth in the loan and is subject to

the statute of frauds. *Secrest*, 167 Cal.App.4th at 553-54. Therefore, Section 1589 cannot apply to impose any implied successor liability or obligations here. Implied assumption of obligations is inappropriate where the contract must be in writing.

Even if implied liability could be imposed, Plaintiff has not alleged facts to plausibly suggest SPS impliedly assumed the obligations set forth in the Settlement Agreement. Implied assumption of obligations is determined by the intent of the parties as indicated by their acts, the subject matter of the contract or their words. *Pacini v. Nationstar Mortgage, LLC*, No. C 12-04606, 2013 WL 2924441 at *4-5 (N.D. Cal. June 13, 2013) (citing *Weidner v. Zieglar*, 218 Cal. 345, 349-50 (Cal. 1933)); *See* Cal. Civ. Code § 1636. "Such intent is to be inferred, if possible, solely from the written provisions of the contract.... If contractual language is clear and explicit, it governs." *Powerine Oil Co., Inc. v. Superior Court*, 37 Cal.4th 377, 390 (2005) (internal citations omitted); Cal. Civ. Code § 1639. Here, the Settlement Agreement is perfectly clear. It expressly provides that it is "only between Plaintiff and [BANA]." (Complaint at Exhibit A, Settlement Agreement at ¶ 4.1 and p. 1 of 7.) No provisions are made in the Agreement for the extension of BANA's obligations thereunder to subsequent servicers. There is no provision in the Settlement Agreement that it shall be binding on successors and assigns. *See Weidner*, 218 Cal. at 349-50 (where there is a provision that the contract is binding on successors, "no express assumption of those obligations by an assignee …[is] necessary."). In addition, Plaintiff has alleged no facts with regard to the intent of the parties. She has only alleged conclusions that SPS assumed all contractual arrangements and liabilities. (*See* Complaint at ¶¶ 45-47.) These conclusions are not sufficient to state a claim against SPS. *See Pacini*, 2013 WL 2924441, at *4-5. Indeed, Plaintiff has not referenced any alleged assignment or purchase agreement between BANA and SPS. There is no such agreement. As Plaintiff admits, these parties are only loan servicers, who service loans on behalf of the owners of the loan. The servicers' agreements are with the owners, not each other. *See id.* ("Simply because the [deed of trust]

contemplates that changes in the loan servicer may occur does not imply that a transfer of liability automatically occurs.").

Plaintiff has also failed to allege facts to plausibly suggest there was an express assumption of the obligations of the Settlement Agreement. She has not identified where such an express assumption may be found, to whom it was made, or any other details. Her only allegations on an express assumption of obligations are purely conclusory. (*See* Complaint at ¶¶ 45-47.) Plaintiff has failed to allege facts sufficient to allow the Court to infer SPS became bound by the Settlement Agreement.

Plaintiff has also failed to allege facts plausibly suggesting SPS breached the Settlement Agreement. As set forth in the Motion to Dismiss, nowhere in the Complaint is a claim that Plaintiff requested a modification review from SPS and SPS refused. Also nowhere is a plausible statement of injury. Plaintiff has opted not to address these failures in her Opposition. Accordingly, she has waived any arguments on these issues and the breach of contract claim should be dismissed as to SPS on these bases.

Because Plaintiff's declaratory judgment claim against SPS rests on her theory that SPS should not foreclose without performing under the Settlement Agreement (*see* Opposition at p. 7), this claim too fails. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000); *Estillore v. Countrywide Bank FSB*, No. 10-1243, 2011 WL 348832, *26 (E.D. Cal. Feb. 2, 2011).

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion to Dismiss, SPS respectfully requests that the Court grant its Motion to Dismiss each cause of action in the Complaint against it, without leave to amend, and grant such further relief as the Court deems just and proper.

///
///
///

4
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Teresa Pitts v. Bank of America N.A. et al., Case No. 2:14-cv-03144-JFW-AJW*

| | | |
|---|---|---|
| 1 | Dated:  June 16, 2014 | Respectfully submitted, |
| 2 | | LOCKE LORD LLP |
| 4 | | By:    */s/ Conrad V. Sison* |
| 5 | | Conrad V. Sison |
| 6 | | Attorneys for Defendant SELECT PORTFOLIO SERVICING, INC. |

5

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Teresa Pitts v. Bank of America N.A. et al., Case No. 2:14-cv-03144-JFW-AJW*

# CERTIFICATE OF SERVICE

I, Conrad V. Sison, an attorney, do hereby certify that on June 16, 2014, I electronically filed the foregoing **DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

Dated: June 16, 2014                                    By:  */s/ Conrad V. Sison*
                                                                        Conrad V. Sison

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071